UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS LAMOUREUX | : |
| Plaintiff, | : |
| v. | : C.A. No.: 1:17-cv-00552-WES-PAS |
| OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W6, ALIAS | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(5)</u>**

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W6 ("Deutsche Bank as Trustee") (collectively "Defendants") submit this *Memorandum of Law* in support of their *Motion to Dismiss* the *Complaint* of Plaintiff Thomas Lamoureux ("Plaintiff") because the *Complaint* was not timely served.[1]

**<u>BACKGROUND</u>**

Plaintiff filed a *Complaint* on November 28, 2018 ("*Complaint*"). [Dkt. #1]. Over two months later, Plaintiff filed two Summons Requests and Summons issued that same day. [Dkt. #6, 7, 8]. On March 9, 2018, this Court issued a *Show Cause Order ("Order")*. [Dkt. #9] In it, the Court ordered Plaintiff to show cause, by April 6, 2018, as to why this matter should not be dismissed. Plaintiff filed a *Response to Order to Show Cause* on April 2, 2018, indicating that

---

[1] The filing of this *Memorandum* is not a waiver by Defendants of the requirement that service be made in accordance with the *Federal Rules of Civil Procedure*.

Defendants have now been served ("*Show Cause Response*").  [Dkt. #10]  However, Plaintiff failed to acknowledge that Defendants were not timely served and, to date, Plaintiff has not filed any proof of service with the Court nor filed any motion for enlargement of time within which to serve.

## STANDARD OF LAW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).  As such, a complaint may be dismissed pursuant to *Federal Rule of Civil Procedure* 12(b)(5) for "insufficient service of process."  When the sufficiency of process is challenged under Rule 12(b)(5), the burden is on the plaintiff to prove proper service.  *See Vazquez–Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014).

## ARGUMENT

Rule 4 of the *Federal Rules of Civil Procedure* provides that a plaintiff has 90 days after the filing of a complaint to effect service.  *Fed. R. Civ. P.* 4(m).  If a defendant is not served within the 90 days, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*  If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  *Id.*

The Plaintiff filed the *Complaint* on November 28, 2018.  As a result, Plaintiff had until February 26, 2018 to serve a copy of the *Complaint*, along with a summons, upon Defendants.  Defendants were not timely served.  Rather Ocwen was served with the summons and *Complaint* by personal service on March 9, 2018, almost two weeks after the deadline for doing so had

passed.  *See* CSC Notice of Service of Process, attached hereto as **Exhibit A**.[2]  Deutsche Bank as Trustee was also served on March 9, 2018, though by certified mail.  *See* Envelope and USPS Certified Mail Tracking Information, attached hereto as **Exhibit B**.

This matter should be dismissed as Defendants were not timely served and there is no good cause for Plaintiff's failure to do so.  Consistent with the strict view on proper service, the First Circuit has limited what constitutes "good cause."  *See*, *e.g.*, *Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) (stating that good cause exists when a plaintiff proceeding in forma pauperis establishes that the United States Marshals Service or district court fails to fulfill its obligations); *D'Amario v. Russo*, 750 F. Supp. 560, 563 (D.R.I. 1990) (finding that "[e]vasion of service by a putative defendant constitutes good cause for failure of service").  Further, "Rule 4(m) squarely places the burden on the plaintiff to demonstrate some 'good cause' for the failure to make timely service of process."  *Ryan v. Krause*, No. 1:11-CV-00037-JAW, 2012 WL 2921815, at *7 (D.R.I. July 17, 2012).

Plaintiff did not move to extend the time for service, nor in the *Show Cause Response* did he acknowledge the failure to timely serve or otherwise communicate his reasons for failing to effect proper and timely service.  Plaintiff waited over two months to even request the Summons and almost a month to respond to the *Order*.  Because Plaintiff has not shown nor attempted to show good cause, this Court is not required to extend the time of service.  *See e.g., Ciprian v.*

---

[2] As Plaintiff has not filed any proof of service with the Court, Defendants cannot cite to same.  Therefore, Defendants have submitted Exhibit A and Exhibit B to demonstrate the timing of service.  To be clear, however, the burden is on Plaintiff to establish proper and timely service.

*City of Providence*, No. CA 12-651-ML, 2014 WL 1330748, at *2 (D.R.I. Mar. 31, 2014) (refusing to extend time for service when plaintiff failed to show good cause).[3]

Given the above, the time for service should not be extended and this matter should be dismissed with prejudice for Plaintiff's failure to timely serve.

## **CONCLUSION**

For the foregoing reasons, this Court should enter an order dismissing Plaintiff's *Complaint*.

> OCWEN LOAN SERVICING, LLC AND
> DEUTSCHE BANK NATIONAL TRUST
> COMPANY, AS TRUSTEE FOR ARGENT
> SECURITIES INC., ASSET-BACKED
> PASS-THROUGH CERTIFICATES,
> SERIES 2003-W6
>
> By their Attorneys,
>
> /s/ Meredith B. Renner
> Meredith B. Renner (# 7482)
> LOCKE LORD LLP
> 2800 Financial Plaza
> Providence, RI 02903
> (401) 274-9200
> (401) 633-6568 (Fax)
> meredith.renner@lockelord.com

Date: April 3, 2018

---

[3] "Even absent a showing of good cause, however, the Court nevertheless has the discretion under Rule 4(m) to extend the time for service." *Ciprian* 2014 WL 1330748 at *2 (citing *Ascher v. Duggan*, 988 F.Supp.2d 99 (D.Mass. Nov.1, 2013)). However, this "exceptional relief is appropriate only in circumstances where an extension of time is sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can show confusion on his part." *Id.* at *3 (internal quotation marks and citation omitted). Neither situation is present here and so this discretionary extension is inapplicable.

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 3rd day of April, 2018, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                                     /s/ Meredith B. Renner

AM 68301360.1