UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
THOMAS LAMOUREUX,                   )
                                    )
        Plaintiff,                  )    C.A. No. 17-552 WES
                                    )
    v.                              )
                                    )
OCWEN LOAN SERVICING, LLC,          )
DEUTSCHE BANK NATIONAL TRUST        )
COMPANY AS TRUSTEE FOR ARGENT       )
SECURITIES, INC. ASSET BACKED       )
PASS-THROUGH CERTIFICATES, SERIES   )
2003-W6, ALIAS,                     )
                                    )
        Defendants.                 )
_____)

## **MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendants' Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W6 ("Deutsche") (collectively "Defendants") Motion to Dismiss (ECF No. 12) Plaintiff Thomas Lamoureux's ("Lamoureux" or "Plaintiff") Complaint (ECF No. 1).  For the following reasons, the Motion to Dismiss is DENIED.

I. Background

On November 29, 2017, Ocwen scheduled a foreclosure sale of Plaintiff's home. (See Compl. ¶ 6.)  Plaintiff filed the Complaint on November 28, the day before the sale was to occur.  (Mot. to Dismiss 1.)  Plaintiff filed an Emergency Motion for a Temporary

Restraining Order, with respect to which the Court held a hearing on November 29. (See Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Resp.") 1, ECF No. 18-1.) Prior to the hearing, "the complaint, all exhibits, and the Motion were emailed to [Defendants'] Attorney." (Id.) On March 9, 2018, the Court issued a Show Cause Order (ECF No. 9) ordering Plaintiff to show why the case should not be dismissed. (Mot. to Dismiss 1.) Plaintiff filed a Response to the Order to Show Cause (ECF No. 10) on April 2, 2018 stating that Defendants had been served. (See id. at 1-2.) Defendants then filed this Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (See id. at 1.)

II. Discussion

Under Federal Rule of Civil Procedure Rule 12(b)(5), the complaint may be dismissed for "insufficient service of process." Rule 4(m) provides that Defendants need to be served within ninety days of Plaintiff filing the complaint; otherwise, the court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). If, however, the plaintiff shows good cause for the failure to serve, the court must extend the time for service. Id. Plaintiff filed his Complaint on November 28, 2017, and he did not serve Defendants until March 9, 2018, almost two weeks after the ninety-day deadline. (Mot. to Dismiss 2.)

"[T]he burden of demonstrating the requisite good cause rest[s] upon [the] plaintiff." United States v. Ayer, 857 F.2d

2

881, 884-85 (1st Cir. 1988). Though the plaintiff bears the burden, determining good cause under Rule 4(m) remains with "the sound discretion of the trial court." Ryan v. Krause, No. 1:11-cv-00037-JAW, 2012 WL 2921815, at *8 (D.R.I. July 17, 2012). When "making extension decisions under Rule 4(m)[,] a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Ruiz v. Rhode Island, No. 16-507 WES, 2018 WL 514539, at *2 (D.R.I. Jan. 22, 2018) (quoting Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007)).

Here, like Ruiz, Defendants likely had actual notice of the lawsuit because copies of the complaint and exhibits were sent to Defendants' counsel the day before they were filed. See id. at *3; (Pl.'s Resp. Ex. A, ECF No. 18-2.) Further, it is unlikely – and Defendants do not contend that – they were prejudiced by the eleven-day delay. See Gray v. Derderian, No. C.A. 04-312L, 2007 WL 296212, at *5 (D.R.I. Jan. 26, 2007) ("[P]rejudice has been defined in the context of service as 'involving impairment of defendant's ability to defend on the merits, rather than foregoing a procedural or technical advantage.'" (quoting Thompson v. Sears, Roebuck & Co., No. Civ. A. 04-5342, 2006 WL 573796, at *3 (E.D. Pa. Mar. 3, 2006))). Plaintiff also argues that the statute of limitations has passed on some of their claims, which are based on

3

a "purported 2016 foreclosure" and would be barred if Plaintiff had to refile.  (See Pl.'s Resp. 2.)

This Court has previously held that there are "ample grounds . . . to exercise its discretion and allow the case to proceed, particularly where [the defendant] has been served, and there is no defect in service other than timeliness." Bay St. Neighborhood, LLC v. Devine, No. 15-150 S, 2015 WL 6696810, at *11 (D.R.I. Nov. 3, 2015).  Further, "if this Court dismisses the case without prejudice, [Plaintiff] would simply refile the action."  Id. (reasoning it would be inefficient to dismiss the complaint for only a delay in service).  In this case, the only service defect was the eleven-day delay.  Therefore, to avoid an exercise in futility, this Court exercises its discretion and deems Defendants properly served.

III. Conclusion

For the above reasons, Defendants' Motion to Dismiss (ECF No. 12) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  July 10, 2018