UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS LAMOUREUX | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No.: 1:17-cv-00552-WES-PAS |
| | : |
| OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W6 | : |
| | : |
| Defendants. | : |

## ANSWER TO COMPLAINT

Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W6 (collectively, "Defendants"), responding to the *Complaint* of plaintiff Thomas Lamoureux ("Plaintiff") hereby answer and assert their affirmative defenses as set forth below:

1. The Defendants admit that Plaintiff is the owner of real estate located at 115 A & B Victory Street, Cumberland, Rhode Island (the "Property"). Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remainder of the allegations in Paragraph 1 of the *Complaint*, and therefore leave Plaintiff to his proof.

2. The Mortgage described in Paragraph 2 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

3. The Defendants admit that Ocwen is a limited liability company, organized pursuant to the laws of Delaware, and that it is the loan servicer for the Plaintiff's mortgage. The allegations of Paragraph 3 of the *Complaint* concerning Korde & Associates, PC are not directed

at Defendants and thus no response is required thereto; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

4. Paragraph 4 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

5. The Defendants admit that Deutsche Bank as Trustee owns the Mortgage attached to the *Complaint* as Exhibit A and the Note. The Defendants deny the remaining allegations of Paragraph 5.

6. The Notice of Sale described in Paragraph 6 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents. Defendants deny the remainder of the allegations in Paragraph 6 of the *Complaint*.

7. Denied.

8. Paragraph 8 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

9. The Mortgage described in Paragraph 9 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

9. [sic] Paragraph 9 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

10. The Default Notice described in Paragraph 10 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

11. The Default Notice described in Paragraph 11 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

12. Denied.

13. The Letter dated September 26, 2017, described in Paragraph 13 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

14. The Letter dated September 26, 2017, described in Paragraph 14 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

15. The Letter dated September 26, 2017, described in Paragraph 15 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

16. Denied.

17. Denied.

18. Denied.

19. Admitted that the Property was sold at a foreclosure auction on May 28, 2015.

20. The Deed described in Paragraph 20 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

21. The Deed described in Paragraph 21 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

22. Denied.

23. Denied.

24. The Deed described in Paragraph 24 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

25. The Deed described in Paragraph 25 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

26. Denied.

27. Denied.

28. Admitted.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore these allegations are denied.

30. Denied.

31. Denied.

32. Admitted.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore these allegations are denied.

34. Denied.

35. The Letter dated October 5, 2017, described in Paragraph 35 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT I
## BREACH OF CONTRACT

42. Defendants incorporate by reference each of their responses to Paragraphs 1-41 of the Complaint.

43. The Mortgage described in Paragraph 43 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

44. Denied.

45. Denied.

46. Paragraph 46 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

47. Denied.

48. Denied.

49. Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 49, including subparts a-f, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## COUNT II
## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

50. Defendants incorporate by reference each of their responses to Paragraphs 1-49 of the Complaint.

51. The Mortgage described in Paragraph 51 of the Complaint speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

52. Paragraph 52 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 57, including subparts a-h, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## COUNT III
## INJUNCTIVE RELIEF

58. Defendants incorporate by reference each of their responses to Paragraphs 1-57 of the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 64, including subparts a-d, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## COUNT IV
## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

65. Defendants incorporate by reference each of their responses to Paragraphs 1-64 of the *Complaint*.

66. Paragraph 66 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. The allegations of Paragraph 76 of the *Complaint* are not directed at Defendants and thus no response is required thereto; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 80, including subparts A-C, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

### COUNT IV
### COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEUTSCHE BANK'S FAILURE TO SEND THE PLAINTIFF AN ACCURATE MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638

81. Defendants incorporate by reference each of their responses to Paragraphs 1-80 of the *Complaint*.

82. The allegations of Paragraph 82 of the *Complaint* are not directed at Defendants and thus no response is required thereto; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

83. The allegations of Paragraph 83 of the *Complaint* are not directed at Defendants and thus no response is required thereto; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof

84. Paragraph 84 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

85. Admitted.

86. Denied. Deutsche Bank as Trustee is the holder of the Note and the Mortgage.

87. Paragraph 87 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

88. Denied.

89. Paragraph 89 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

90. Denied.

91. Denied

94. [sic] Denied.

95. Denied,

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 100 is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses and reserve the right to raise additional affirmative defenses that may become apparent during the course of discovery:

### First Affirmative Defense

Each count of the Complaint against Defendants fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The asserted claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, and ratification.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize, or avoid any damages sustained in connection with the underlying claims.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule to the extent that Plaintiff seeks to "alter, modify or contradict" the terms of the parties' written agreements.

### Seventh Affirmative Defense

The obligations of Defendants, if any obligations exist, are defined, limited, and controlled by the mortgage document, including the terms and conditions thereof.

### Eighth Affirmative Defense

Plaintiff has failed to allege damages.

### Ninth Affirmative Defense

Plaintiff has unclean hands in that the alleged circumstances arise from his own misconduct, fraud, or other malfeasance.

### Tenth Affirmative Defense

Defendants complied with all contractual terms applicable to them as regards Plaintiff.

### Eleventh Affirmative Defense

Plaintiff is in material breach of the relevant agreements.

### Twelfth Affirmative Defense

Plaintiff breached or caused to be breached the underlying mortgage.

### Thirteenth Affirmative Defense

Plaintiff's claims should be dismissed for insufficiency of service and/or insufficiency of service of process.

### Fourteenth Affirmative Defense

Defendants reserve the right to assert such further Affirmative Defenses, the existence of which may become known during discovery, trial or otherwise.

OCWEN LOAN SERVICING, LLC AND
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR ARGENT
SECURITIES INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2003-W6

By their Attorneys,

/s/ Krystle G. Tadesse
Krystle G. Tadesse (# 7944)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 633-6568 (Fax)
Krystle.Tadesse@lockelord.com

Date: August 14, 2018

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on the 14th day of August, 2018, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ Krystle G. Tadesse